**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4138**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CAMILLA ANN LITTLEFIELD, a/k/a Cammie Littlefield,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:23-cr-00148-D-RJ-2)

───────────────

Submitted:  December 19, 2024                    Decided:  December 27, 2024

───────────────

Before KING and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Camilla Ann Littlefield pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), (a)(1). The district court sentenced her to 180 months' imprisonment and five years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether counsel provided ineffective assistance at sentencing in failing to object to the drug quantity listed in the presentence investigation report (PSR). Littlefield did not file a pro se supplemental brief after being notified of her right to do so. The Government has moved to dismiss Littlefield's appeal as barred by the appellate waiver in her plea agreement.[1] We dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy

---

[1] The Government acknowledges, however, that ineffective assistance of counsel claims fall outside the scope of the appellate waiver.

2

and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Littlefield knowingly and intelligently waived her right to appeal her conviction and sentence, excepting claims of ineffective assistance of counsel and prosecutorial misconduct. We therefore conclude that the waiver is valid and enforceable.

The waiver provision in the plea agreement does not preclude our review of Littlefield's ineffective assistance claim. To demonstrate ineffective assistance of counsel, Littlefield "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

The record does not conclusively establish that plea counsel rendered ineffective assistance related to the probation officer's computation of drug quantity.[2] *See United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc). Our review of the record shows that Littlefield provided an unprotected statement that established the foundation for the drug quantity contained in the PSR. Littlefield also confirmed that she had reviewed

---

[2] Accordingly, Littlefield's "ineffective assistance claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted).

the PSR with counsel and had no objections to the report. Thus, we conclude that ineffective assistance of counsel does not conclusively appear on the face of the record before us.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Littlefield's valid appellate waiver. Accordingly, we grant the Government's motion to dismiss Littlefield's appeal in part and dismiss the appeal as to all issues covered by the waiver. We deny the motion in part and otherwise affirm.

This court requires that counsel inform Littlefield, in writing, of the right to petition the Supreme Court of the United States for further review. If Littlefield requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Littlefield. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4